JBy the Court.

We do not consider that the act of the surveyor in permitting the entry to be made is conclusive evidence of the right of occupancy on the part of Bean. If it were so, an imposition upon that officer which might be easily effected in a case where the proceeding is wholly ex parte could not afterwards be detected. This the Court are not disposed to tolerate.
It is a general rule that the person claiming under the youngest grant cannot in a court of law impeach the grant of his adversary except by showing an elder legal entry. But it has been urged by the counsel for the defendant, that under the law of 1807 a survey is placed upon the same footing. The Court are inclined to think that as between two occupants the position contended for is correct. The survey is an appropriation of the land, and will stand good against any subsequent claim whether by survey or by entry.
But in this case we are of opinion that although the defendant may have a title at law originating with the date of his survey, still he cannot be permitted to contest Bean’s right of occupancy. Had the survey of Norwood been made after the date of Bean’s entry and at a time when none but occupants could enter, the question would have been of a different description. When the office opened in 1807 the common holders of warrants were obliged to have them listed and draw for priority of entry. This was not the case with respect to occupant claims. These were entitled to be entered before the others. If under such circumstances a man should claim to be an occupant and make his entry as such when in truth he was no occupant, he could not hold the land in opposition to an entry made by the common holder of a warrant as soon as the obstruction created by the occupant preference was removed. In this case the survey of Norwood was not made until the 19th of March, 1808, long after the obstruction alluded to had ceased to exist. To him it was perfectly immaterial whether Bean entered as an occupant or not. We are therefore of opinion that Bean’s entry as it regards Norwood’s claim is to be considered as a. good one, upon the ground of his being the holder of a warrant, who in some shape had a right to make an entry without attending to the question of occupancy.
*266 The case of Bass’s lessee against Dinwiddie is widely distinguishable from this. There the entry of Dinwiddie was made when none but occupants had a right to enter; and the entry of Bass was made only two days afterwards, the moment .the obstruction enacted by the occupant preference was removed.